IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRON BYRD | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 C 3316 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Hon. Lindsay Jenkins |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT KALLATT MOHAMMED'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Kallatt Mohammed ("Mohammed"), by and through one of his attorneys, Special Assistant Corporation Counsel Eric S. Palles of Mohan Groble Scolaro, P.C., and pursuant to Federal Rule of Civil Procedure 15, moves this Court for leave to file his Amended Answer to Plaintiff's Complaint on or before August 25, 2024. In support, Mohammed states as follows:

1. Plaintiff filed his Complaint on May 16, 2019, alleging that he suffered injuries and damages as a result of the Defendant Officers' and City of Chicago's acts and omissions. Dkt. 1.

2. On November 18, 2019, Defendant Mohammed was deposed about the incident alleged by Plaintiff in his Complaint and invoked the Fifth Amendment privilege in response to some of the questions.

3. Defendant Mohammed subsequently filed his Answer to Plaintiff's on August 26, 2021. Dkt. 41. In response to certain of the allegations contained in the Complaint, Mohammed asserted his Fifth Amendment privilege against self-incrimination. Defendant Mohammed now seeks to amend his Answer, withdrawing his Fifth Amendment invocation, and is ready to appear for another deposition should Plaintiff so desire.

4. Subsequent investigation of Plaintiff's allegations revealed information that resulted in the undersigned counsel's determination that the privilege could, and should, be withdrawn. Specifically, Mohammed will deny certain allegations related to his involvement in the incidents described by Plaintiff in his Complaint.

5. On July 26, 2024, this Court entered an order that "Any Defendant, including but not limited to Dana Starks, who has not answered the complaint must file an answer by August 26, 2024." Dkt. 69. Welcoming this opportunity to clean up the pleadings, Mohammed's counsel asked Plaintiff's counsel whether, pursuant to FRCP 15(a)(2), he would consent to the amendment or oppose this motion. Plaintiff's counsel responded that this motion was opposed.

6. Under Federal Rule of Civil Procedure 15, the court should freely grant leave to amend "when justice so requires." While leave to amend is not as a matter of course, the permissive policy of the Rule is both explicit and consistent with the animating purpose to ensure that cases be decided on their merits. Accordingly, a motion for leave to amend should be granted "in the absence of undue delay, undue prejudice to the party opposing the motion, or futility of the amendment." *Eastern Natural Gas Corp. v. ALCOA*, 126 F.3d 996, 999 (7th Cir. 1997). The most significant factor is the potential prejudice to plaintiff if the amendment is allowed. *Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, No. 03 C 9241, 2006 U.S. Dist. LEXIS 49220, *6 (N.D.Ill., July 6, 2006). In the instant case, there is none.

7. Plaintiff will not be prejudiced if this Court grants Defendant Mohammed leave to file his Amended Answer. As part of the Watts Coordinated Proceedings, the parties agreed in January 2023 to litigate 19 proposed "test cases" to their conclusion in order to help the parties assess the value and merit of the remaining cases. Case No. 19-cv-1717, Dkt. 393. This case is not one of the test cases. Accordingly, on April 13, 2023, Magistrate Judge Finnegan stayed discovery

in non-test cases, including this one. *Id*., Dkt. 491. Based upon Judge Finnegan's in-court statements, the undersigned understands that the referral will end with the conclusion of consolidated discovery in the test cases in September 2024 and each subsequent deadline.

8. Defendant Mohammed is willing to surrender his Fifth Amendment privilege and will not be asserting his privilege at trial. Plaintiff certainly has the ability to prepare to examine Defendant Mohammed.

9. To the contrary, Defendant Mohammed will be unfairly prejudiced if not granted leave to file his amendment. The only ostensible purpose for opposing the amendment is that Plaintiff will not be able to argue that Defendant Mohammed is asserting, or previously asserted, his Fifth Amendment privilege. Indeed, in light of the apparent lack of prejudice, evidence of Defendant Mohammed's prior silence is unwarranted. *Evans v. City of Chicago*, 513 F.3d 735, 745 (7th Cir. 2008).

10. The law is clear and "[t]he district court should, in general, take a liberal view towards such applications, for withdrawal of the privilege allows adjudication based on consideration of all the material facts to occur. The court should be especially inclined to permit withdrawal of the privilege if there are no grounds for believing that opposing parties suffered undue prejudice from a litigant's later-regretted decision to invoke the Fifth Amendment." *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 84 (2d. Cir. 1995).

WHEREFORE, Defendant, Kallatt Mohammed, moves this Court for leave to file his Amended Answer to Plaintiff's Complaint.

3

Respectfully submitted,

/s/ Eric S. Palles  #2136473
ERIC S. PALLES
Special Assistant Corporation Counsel

Eric S. Palles
Sean M. Sullivan
Yelyzaveta (Lisa) Altukhova
Mohan Groble Scolaro, P.C.
55 W. Monroe St., Suite 1600
Chicago, IL 60603
(312) 422-9999
epalles@mohangroble.com
ssullivan@mohangroble.com
lisaa@mohangroble.com
*Counsel for Defendant Kallatt Mohammed*